Argued and submitted August 20, affirmed November 19, 2008

Gary YOUNG,
*Petitioner,*

*v.*

CROOK COUNTY
and Gregory Schpankyn,
*Respondents.*

Land Use Board of Appeals
2007250; A139342

197 P3d 48

Heidi T.D. Bauer argued the cause for respondent Crook County. With her on the brief was David M. Gordon.

No appearance for respondent Gregory Schpankyn.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Petitioner seeks review of a Land Use Board of Appeals (LUBA) decision remanding to the Crook County Court its decision approving a conditional use permit application for a nonfarm dwelling on a 25-acre tract of land that is zoned for exclusive farm use. Petitioner does not challenge the merits of LUBA's decision; instead, he asserts that LUBA erred in rejecting his argument that the county violated ORS 215.422(1)(c) and section 18.172.050 of the Crook County Code (CCC) by charging an excessive filing fee for the appeal of the conditional use approval.[1] Petitioner contends that the assessment of the appeal fee violated both the ordinance and the statute and that LUBA erroneously shifted the burden of producing evidence concerning the reasonableness of the fee from the county to petitioner. We affirm, because we conclude that petitioner failed to meet his burden to establish a *prima facie* case that the appeal fee violated either the ordinance or the statute.

In 2007, the county issued Order 2007-56, which set the fee formula for appeals from county planning commission

---

[1] ORS 215.422 governs appeals of land use decisions within the county land use regulatory structure. As pertinent here, ORS 215.422(1)(c) addresses the fees that counties may charge for such appeals:

"The governing body may prescribe, by ordinance or regulation, fees to defray the costs incurred in acting upon an appeal from a hearings officer, planning commission or other designated person. The amount of the fee shall be reasonable and shall be no more than the average cost of such appeals or the actual cost of the appeal, excluding the cost of preparation of a written transcript. The governing body may establish a fee for the preparation of a written transcript. The fee shall be reasonable and shall not exceed the actual cost of preparing the transcript up to $500. In lieu of a transcript prepared by the governing body and the fee therefor, the governing body shall allow any party to an appeal proceeding held on the record to prepare a transcript of relevant portions of the proceedings conducted at a lower level at the party's own expense. If an appellant prevails at a hearing or on appeal, the transcript fee shall be refunded."

CCC 18.172.050 provides, in part:

"(1) All fees for permits, variances, zone map amendments, comprehensive plan amendments, zone text amendments, appeals, and any other necessary review or permits pursuant to this title shall be set annually as determined by the county court.

"* * * * *

"(4) Fees charged for processing permits shall be no more than the actual or average cost of providing that service."

decisions. In accordance with that order, the county charged petitioner a fee of $2,030 for processing an appeal to the county court of the county planning commission's decision to approve the nonfarm conditional use at issue in this case. As a ground of appeal, petitioner made an as-applied challenge to the fee assessment. Petitioner asserted:

> "The excessive Crook County appeal fee to challenge this decision of $1850 + 20% of the initial application fee effectively prohibits meaningful citizen participation in the land use planning process in violation of Goal 1 of the Statewide Planning goals. This fee substantially exceeds any reasonable estimate of the cost of processing the appeal in violation of CCC 18.172.050."

In addition, 1000 Friends of Oregon submitted a letter regarding the fee to the county court. 1000 Friends asserted that, "[a]s applied, the [order establishing the fee schedule] results in an unreasonable fee for this appeal in violation of state law (ORS 215.422(1)(c)). The challenged order establishes a very wide range of possible fees for appeals from the planning commission; these fees could impermissibly exceed average or actual costs." In the letter, 1000 Friends also asserted that several other counties charged much lower fees for appeals from planning commission decisions.

Crook County court appeals are decided on the record, CCC 18.172.110(12)(a), but appellants may seek to admit new evidence on appeal. CCC 18.172.110(12)(a)(vi).[2] Petitioner did not seek to admit new evidence pertaining to the reasonableness of the appeal fee before the county court. Nor did the county itself adduce evidence regarding the fee formula determination process or whether the fee formula

---

[2] CCC 18.172.110(12)(a)(vi) provides:

"The appellate body may, at its option, admit additional testimony and other evidence from an interested party or party of record to supplement the record of prior proceedings. The record may be supplemented by order of the appellate body or upon written motion by a party. The written motion shall set forth with particularity the basis for such request and the nature of the evidence sought to be introduced. Prior to supplementing the record, the appellate body shall provide an opportunity for all parties to be heard on the matter. The appellate body may grant the motion upon a finding that the supplement is necessary to take into consideration the inconvenience of locating the evidence at the time of initial hearing, with such inconvenience not being the result of negligence or dilatory act by the moving party."

was consistent with the "actual" or "average" cost for such services within the county. In its decision on petitioner's appeal, the county court made no findings of fact or conclusions of law with respect to the reasonableness of the appeal fee.

Petitioner renewed his objection to the county's appeal fee in his ensuing appeal before LUBA. Petitioner asserted that "[t]he county erred in assessing a $2030 local appeals fee which was not reasonable and which exceeded the average or actual cost of such appeal in violation of ORS 215.422(1)(c)." The county argued before LUBA that petitioner's challenge was untimely, because he had failed to challenge the county's appeal fee ordinance when it was adopted. LUBA did not address that defense, "because [it] agree[d] with the county that, even if such an as-applied challenge is permissible, petitioner has not demonstrated that the appeal fee charged in this case is unreasonable or exceeded the average cost of such appeals or the actual cost of the appeal." *Young v. Crook County*, 56 Or LUBA 704, 717 (2008). LUBA explained that petitioner had made no effort to substantiate with evidence his argument that the appeal fee was unreasonable, "and we cannot say that as a matter of law it is unreasonable." *Id.* at 15.

Petitioner renews his as-applied challenge to the appeal fee assessment before this court. The question for decision is whether LUBA's decision is unlawful in substance. ORS 197.850(9)(a). In a nutshell, the difficulty for petitioner is that, although in previous appeals he complained that the appeal fee was excessive, he never made an evidentiary showing to support that argument. Petitioner had opportunities to make such a showing while the evidentiary record remained open, for example, by filing a motion to submit additional evidence before the county court, CCC 18.172.110(12)(a)(vi), or even, perhaps, by making a motion before LUBA for an evidentiary hearing or the taking of depositions. OAR 661-010-0045 (taking evidence not in the record).[3] Petitioner also could have made a public records

---

[3] OAR 661-010-0045 provides, in part:

"(1) Grounds for Motion to Take Evidence Not in the Record: The Board may, upon written motion, take evidence not in the record in the case of

request to inspect the documents that formed the basis of the order that set the appeal fee. *See* ORS 192.420. However, petitioner failed to avail himself of those or any other opportunities to buttress his assertions with supporting evidence.

In its decision, LUBA mentioned the letter that 1000 Friends of Oregon submitted to the county court but did not treat that letter as part of the evidentiary record.[4] As pertinent here, the letter stated:

disputed factual allegations in the parties' briefs concerning unconstitutionality of the decision, standing, ex parte contacts, actions for the purpose of avoiding the requirements of ORS 215.427 or 227.178, or other procedural irregularities not shown in the record and which, if proved, would warrant reversal or remand of the decision. The Board may also upon motion or at its direction take evidence to resolve disputes regarding the content of the record, requests for stays, attorney fees, or actual damages under ORS 197.845.

"(2) Motions to Take Evidence:

"(a) A motion to take evidence shall contain a statement explaining with particularity what facts the moving party seeks to establish, how those facts pertain to the grounds to take evidence specified in section (1) of this rule, and how those facts will affect the outcome of the review proceeding.

"(b) A motion to take evidence shall be accompanied by:

"(A) An affidavit or documentation that sets forth the facts the moving party seeks to establish; or

"(B) An affidavit establishing the need to take evidence not available to the moving party, in the form of depositions or documents as provided in subsection (2)(c) or (d) of this rule.

"(c) Depositions: the Board may order the testimony of any witness to be taken by deposition where a party establishes the relevancy and materiality of the anticipated testimony to the grounds for the motion, and the necessity of a deposition to obtain the testimony. Depositions under this rule shall be conducted in the same manner prescribed by law for depositions in civil actions (ORCP 38-40).

"(d) Subpoenas: the Board shall issue subpoenas to any party upon a showing that the witness or documents to be subpoenaed will provide evidence relevant and material to the grounds for the motion. Subpoenas may also be issued under the signature of the attorney of record of a party. Witnesses appearing pursuant to subpoena, other than parties or employees of the Board, shall be tendered fees and mileage as prescribed by ORS 44.415(2) for witnesses in civil actions. The party requesting the subpoena shall be responsible for service of the subpoena and tendering the witness and mileage fees to the witness."

[4] The letter appeared to speak for petitioner in stating that "[A]ppellant Gary Young seeks relief from the application of Crook County Order 2007-56," and it states that the "[A]ppellant requests the County Court to revise the challenged order." We express no view as to whether 1000 Friends represented petitioner in

"Whether the amount of any appeal fee will be impermissible because it is unreasonable and exceeds the appeal's 'average or actual' cost is not ascertainable from the challenged order's face, because the amount of the fee will vary depending on the maps that may be required, the number of dwelling requested, and whether the applicant requests expedited review—none of which can be determined from the face of the challenged order."

However, the letter did not supply any of the purportedly missing information. Accordingly, it did not constitute evidence in any pertinent sense.

Nor does the record disclose that petitioner made any effort to obtain evidence about the reasonableness of the fee from county officials. Rather, petitioner took the position, as he does on review, that the burden of producing such evidence fell on the county. Indicative of that view, petitioner made the following request before the county court:

"Appellant requests the County Court to revise the challenged order so that no appeal fees are charged that exceed the documented average cost or documented actual cost of the appeal. Appellant also requests a refund of all fees in excess of either the documented average cost of processing appeals such as this or the documented cost of this appeal, whichever is less."

In short, petitioner's argument reduces to an assertion that LUBA erred in allocating to petitioner the burden of producing evidence concerning the reasonableness of the fee. We conclude that LUBA did not so err. Petitioner has the burden before this court to show that LUBA's order was unlawful in substance. In order to do so, petitioner must demonstrate a source of law that required the county to prove, in response to an as-applied challenge to its appeal fee formula determination order under ORS 215.422(1)(c), that the

---

the proceedings below. In either case, petitioner failed to meet his evidentiary burden.

assessed fee was reasonable. Petitioner has not made such a showing.[5]

Affirmed.

---

[5] We reject without extended discussion petitioner's related argument that LUBA erred in failing to require the county to address petitioner's challenge by making pertinent findings of fact and conclusions of law. Again, petitioner has furnished no authority to support the proposition that the county was required to make such findings and conclusions in an as-applied challenge to its appeal fee assessment under ORS 215.422(1)(c). *Cf.* ORS 215.416(9) (requiring permit decisions to be supported by "a brief statement that explains the criteria and standards considered relevant to the decision * * *").