Argued and submitted May 18, on appeal, reversed and remanded on Willamette Oak's challenge to the City of Eugene's local appeal fee; affirmed on cross-appeal August 17, 2011, petition for review denied February 16, 2012 (351 Or 586)

WILLAMETTE OAKS, LLC,
*Respondent*
*Cross-Petitioner,*

*v.*

CITY OF EUGENE,
*Petitioner*
*Cross-Respondent,*

*and*

GOODPASTURE PARTNERS, LLC,
*Respondent*
*Cross-Respondent.*

GOODPASTURE PARTNERS, LLC,
*Respondent*
*Cross-Respondent,*

*v.*

CITY OF EUGENE,
*Petitioner*
*Cross-Respondent,*

*and*

WILLAMETTE OAKS, LLC,
*Respondent*
*Cross-Petitioner.*

Land Use Board of Appeals
2010060, 2010061, 2010062
A148149

261 P3d 85

Emily N. Jerome argued the cause and filed the briefs for petitioner - cross-respondent.

Zack P. Mittge argued the cause for respondent - cross-petitioner. With him on the brief were William H. Sherlock and Hutchinson, Cox, Coons, DuPriest, Orr & Sherlock, P.C.

Michael C. Robinson argued the cause for respondent - cross-respondent. With him on the brief were Seth J. King and Perkins Coie LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

Haselton, P. J., concurring.

**ARMSTRONG, J.**

The City of Eugene (the city) seeks review of a final order of the Land Use Board of Appeals (LUBA) that affirmed, in part, a Eugene planning commission decision upholding a local hearings officer's approval of an application by Goodpasture Partners, LLC (Goodpasture), for a planned unit development. LUBA also ordered a limited remand to the city to address the planning commission's resolution of a challenge by Willamette Oaks, LLC (Willamette Oaks), to the amount of money that the city had charged Willamette Oaks for its appeal of the hearings officer's decision. Specifically, LUBA remanded the Willamette Oaks fee challenge to the city to take evidence on whether the fee violates the limit imposed by ORS 227.180(1)(c) on local land use appeal fees.

Both the city and Willamette Oaks now seek review of LUBA's order. The city assigns error to LUBA's determination that it had authority to consider whether the city's appeal fee violates ORS 227.180(1)(c). In particular, the city asserts that its decision to adopt the fee schedule for appeals to the city planning commission is a fiscal decision that LUBA lacked authority to address. Willamette Oaks raises five assignments of error on cross-appeal challenging various aspects of LUBA's decision to affirm the Eugene planning commission's approval of Goodpasture's proposed project. We reject Willamette Oaks's assignments of error without discussion and write to address only the city's contention that LUBA erred in remanding the case to the city to take evidence on the appeal fee issue. We conclude that LUBA erred in its resolution of the appeal fee issue and, accordingly, reverse and remand on that issue.

The relevant facts of this case are not in dispute. In June 2009, Goodpasture applied to the City of Eugene for tentative approval of a planned unit development (PUD), a zone change, and an adjustment to certain street frontage and bicycle parking approval standards in order to develop a five-parcel PUD that would include several hundred residential units and a commercial building. The city's hearings officer approved Goodpasture's application, and Willamette Oaks appealed the approval to the city planning commission. The city charged Willamette Oaks a fee of $14,870.87 to

appeal the hearings officer's decision to the planning commission, based on a fee schedule that the city had adopted for such appeals.

Willamette Oaks sought to challenge the appeal fee before the planning commission, arguing that the fee exceeded the amount that ORS 227.180(1)(c) authorized the city to charge;[1] however, the planning commission refused to accept evidence on the fee challenge. In June 2010, the planning commission issued a final order upholding the hearings officer's decision, with some modifications, and explained the commission's refusal to accept evidence on the fee challenge:

> "[Eugene Code] 9.7655(2) limits the nature of evidence that the Planning Commission can consider on appeal as follows: 'The record from the proceeding of the Hearings Official or Historic Review Board shall be forwarded to the appeal review authority. No new evidence pertaining to the appeal issues shall be accepted.' Pursuant to this section, the Planning Commission cannot accept any new evidence, and there is no process for an exception to this rule."

The commission further concluded that Eugene Code 9.7655(3)[2] deprived it of the authority to review Willamette Oaks's challenge to the local appeal fee:

> "[Eugene Code] 9.7655(3) requires that appeal statements specify how the Hearings Official: (1) failed to properly evaluate the application; or (2) made a decision that was not consistent with the applicable criteria. The appellant does not specify how the imposition of the allegedly

---

[1] ORS 227.180(1)(c) provides, in part:

"The governing body may prescribe, by ordinance or regulation, fees to defray the costs incurred in acting upon an appeal from a hearings officer, planning commission or other designated person. *The amount of the fee shall be reasonable and shall be no more than the average cost of such appeals or the actual cost of the appeal,* excluding the cost of preparation of a written transcript."

(Emphasis added.)

[2] Eugene Code 9.7655(3) provides:

"The appeal shall include a statement of issues on appeal, be based on the record, and be limited to the issues raised in the record that are set out in the filed statement of issues. The appeal statement shall explain specifically how [the] hearings official or historic review board failed to properly evaluate the application or make a decision consistent with applicable criteria. The basis of the appeal is limited to the issues raised during the review of the original application."

unreasonable appeal fee is the result of the Hearings Official's failure to properly evaluate the application or the Hearings Official's decision's inconsistency with an applicable criterion. * * *

"While appellant may be raising an important issue, it is not one that the Planning Commission can substantively address. The Hearings Official's decision did not determine or impose the appeal fee and it would have been beyond the scope of the Hearings Official's authority to do so. The Planning Commission's review must be based on the evidentiary record that was created before the Hearings Official. The Hearings Official's record does not include any evidence to form the basis for this appeal issue, or to resolve it. As noted above, the appellant's impermissible new evidence related to [t]his issue has been rejected and is not considered in the Planning Commission's decision on appeal.

"Even if the appellant was correct in its assertion that the City's appeal fee structure dictated an appeal fee that, in this case, is too high, that determination would not result in a change to the Hearings Official's decision and it does not call the Planning Commission's jurisdiction into question. Whether the City's appeal structure, as applied in this case, is inconsistent with state law is an independent question that is beyond the scope of the Planning Commission's authority. The Planning Commission lacks the authority to allow any deviation from the City's adopted fee structure."

Willamette Oaks appealed the planning commission's decision to LUBA and filed a motion with LUBA asking it to take evidence bearing on whether the city's appeal fee violated ORS 227.180(1)(c). LUBA denied the motion on the ground that Willamette Oaks had not established a basis for LUBA to consider extra-record evidence on that issue. *See* ORS 197.835(2)(b).

Willamette Oaks assigned error in its appeal to LUBA to six aspects of the Eugene planning commission's approval of Goodpasture's proposed development. It also asserted in its seventh assignment that the city had erred in imposing an appeal fee that violated ORS 227.180(1)(c) and by excluding argument and evidence on the appeal fee challenge. The city responded that LUBA lacked authority to consider Willamette Oaks's challenge to the appeal fee.

LUBA rejected all of Willamette Oaks's challenges to the planning commission's approval of the proposed development but produced separate majority, concurring, and dissenting opinions on Willamette Oaks's seventh assignment of error.[3] The majority opinion did not directly address whether LUBA had authority to review Willamette Oaks's seventh assignment of error. Rather, it focused on, and ultimately agreed with, Willamette Oaks's argument that "the city is obligated to allow a fee challenger an opportunity to include in the record arguments and necessary evidence challenging the local fee, even if the local review body does not have authority to consider those arguments and evidence." The majority began its analysis with *Young v. Crook County*, 56 Or LUBA 704, *aff'd*, 224 Or App 1, 197 P3d 48 (2008). It explained that, under *Young*, a party that raises an as-applied challenge to a local appeal fee bears the initial burden of establishing a *prima facie* case that the fee violates ORS 227.180(1)(c) and that, "[o]nce a *prima facie* case has been made, the local government then has some obligation to demonstrate that the appeal fee complies with the statute."

The majority recognized, however, that, "under the [Eugene] code, the planning commission does not have authority to accept new evidence on appeal issues and almost certainly does not have authority to overturn or reduce an appeal fee that the governing body has adopted." Thus, Eugene's code provisions make it problematic for a party to present a *prima facie* case to challenge the appeal fee under ORS 227.180(1)(c) and to obtain relief from an excessive appeal fee. That is because, among other reasons, a party would not know until a hearings officer had issued a decision on the merits that the party needed to appeal the merits decision to the planning commission, and, hence, the party could not be expected to present evidence to the hearings officer on the validity of the appeal fee.

---

[3] The concurring and dissenting opinions focused on (1) whether a local government's decision to charge a local appeal fee is a fiscal decision outside of LUBA's review authority, as LUBA had held in *Friends of Lincoln County, Inc. v. City of Newport*, 7 Or LUBA 114, 117-19 (1982); and (2) whether LUBA had erred in failing to apply the principle established in *Friends of Lincoln County* in subsequent cases. As explained below, our resolution of this case does not require that we answer the questions over which the concurring and dissenting opinions divided and, consequently, we express no opinion on them.

Recognizing that dilemma, the majority reasoned that "it is unreasonable to expect potential fee challengers to make that *prima facie* case during the open record period before the initial review body" and, hence,

"in order to allow effective review of an as-applied appeal fee challenge in these circumstances, the local final decision maker must allow the fee challenger to submit argument and evidence into the record, *even if due to local regulations the delegated local final decision maker does not have authority to accept new evidence or to consider appeal fee challenges*. If the fee challenger submits such argument and evidence, local government staff or other parties may choose to submit any documents deemed necessary to respond to the challenge, such as the adopted findings or evidence supporting the governing body's initial legislative decision adopting of [*sic*] the appeal fee. *Thus, even if that fee challenge is not considered or addressed by the delegated final decision maker for whatever reason, LUBA can still perform its review function.*"

(Emphasis added.) In light of that conclusion, the majority did not address the merits of Willamette Oaks's appeal fee challenge and, instead, remanded the case

"to the city for further proceedings, which will at a minimum provide Willamette Oaks the opportunity to submit into the record the argument and evidence that the planning commission [precluded from the record], and to allow the city or others to submit any responsive material deemed necessary. *The city governing body, if it chooses, can consider the appeal fee issue on remand or instead the city can simply close the record and allow petitioner to seek further review by LUBA, if it wishes.*"

(Emphasis added.)

We review LUBA's order to determine whether it is "unlawful in substance." ORS 197.850(9)(a). The parties have framed their debate on LUBA's resolution of the appeal fee issue as reducing to the question whether LUBA had jurisdiction to determine if the city's appeal fee violates ORS 227.180(1)(c). The city urges that the requirement that Willamette Oaks pay the city's appeal fee "is a fiscal matter that is outside the scope of LUBA's jurisdiction." *Cf. Housing Council v. City of Lake Oswego*, 48 Or App 525, 617 P2d 655

(1980), *rev dismissed*, 291 Or 878 (1981) (holding that decision to impose a system development charge was a fiscal decision not reviewable by the Land Conservation and Development Commission for compliance with statewide planning goals); *Friends of Lincoln County, Inc. v. City of Newport*, 7 Or LUBA 114, 117-19 (1982) (concluding that local appeal and transcript fees qualified as fiscal decisions not reviewable by LUBA). In contrast, Willamette Oaks asserts that the fiscal exception to LUBA's jurisdiction that LUBA has previously applied does not apply to local appeal fee challenges because those "fees are not purely budgetary or tax policy, and are instead recognized as integral to the review of land use applications and to citizen involvement." *See, e.g.*, *Ramsey v. City of Portland*, 29 Or LUBA 139, 141-42 (1995).

Although LUBA and the parties have characterized the issue over which they are divided as jurisdictional, we believe that, in the posture of this case, it concerns reviewability, and it is not one that we can resolve at this stage in the case. That is because LUBA's review of the city's appeal fee for compliance with ORS 227.180(1)(c) depends on the development of a factual record, and LUBA has not identified a legal basis for its remand requirement that the city admit evidence on that issue.

As LUBA recognized, the Eugene planning commission was precluded by Eugene Code 9.7655(3) from accepting new evidence on appeal issues. Thus, in remanding, LUBA did not rely on a violation by the planning commission of any of the Eugene Code provisions governing the planning commission's review process. Rather, LUBA's remand appears to be based on the conclusion that our decision in *Young* established that, because a party making an as-applied challenge to a local appeal fee bears the burden of establishing a *prima facie* case of a violation of ORS 227.180(1)(c), all such fee challengers must be given the opportunity to create a record on that issue in the local land use proceeding. We reject that understanding of *Young*.

In *Young*, we affirmed LUBA's denial of the petitioner's as-applied challenge to a Crook County land use appeal fee. Although the Crook County Code provided a procedure for appellants to submit new evidence on appeal at

the local level, the petitioner in *Young* "did not seek to admit new evidence pertaining to the reasonableness of the appeal fee before the county court." 224 Or App at 4. In light of the petitioner's failure to submit evidence at the local level in support of his appeal fee challenge, we concluded that the "petitioner [had] failed to meet his burden to establish a *prima facie* case that the appeal fee violated the [Crook County Code] or the statute." *Id.* at 3. In sum, our decision in *Young* established a principle that, *when* local land use regulations give a party the opportunity to submit evidence to establish a *prima facie* case that an appeal fee violates ORS 227.180(1)(c), the party must take advantage of that opportunity in order for subsequent appellate review bodies to address the merits of the appeal fee challenge. Contrary to LUBA's reasoning, *Young* did not establish a free-standing principle that entitles parties to submit evidence on which to challenge the validity of an appeal fee at the local level without regard to whether the local land use regulations establish a basis on which to do that.

The present case is readily distinguishable from *Young*. As LUBA recognized, Eugene Code 9.7655 limits the planning commission's review to the record and issues presented to the hearings officer and prevents the planning commission from taking new evidence on appeal issues. Thus, contrary to the circumstance faced by the petitioner in *Young*, Willamette Oaks could not avail itself of an opportunity to submit evidence to the final local decision-maker on whether the local appeal fee violated ORS 227.180(1)(c). It follows that the principle on which we relied in *Young* is inapposite here. And apart from its erroneous reliance on *Young*, LUBA has not identified any other authority by which it can require the planning commission to admit evidence on remand on the Willamette Oaks appeal fee challenge. Nor has LUBA identified a basis on which to conclude that the Eugene Code provisions governing the planning commission's review procedures are unlawful. Accordingly, LUBA has not identified how or why the Eugene planning commission's resolution of Willamette Oaks's challenge to the local appeal fee was legally erroneous, and, thus, LUBA has not identified a basis on which to remand Willamette Oaks's appeal fee challenge to the city. *See* ORS 197.828(2)(d)

(directs LUBA to reverse or remand a limited land use decision if "[t]he local government committed a procedural error which prejudiced the substantial rights of the petitioner"); ORS 197.835(9)(a)(B) (directs LUBA to reverse and remand a land use decision if the local government "[f]ailed to follow the procedures applicable to the matter before it in a manner that prejudiced the substantial rights of the petitioner"). We therefore conclude that LUBA erred in remanding this case to the city to take evidence on whether the city's appeal fee violates ORS 227.180(1)(c).[4]

On appeal, reversed and remanded on Willamette Oaks's challenge to the City of Eugene's local appeal fee. Affirmed on cross-appeal.

**HASELTON, P. J.,** concurring.

Even assuming that, in some circumstances, a challenge to the assessment of a local appeal fee as violating ORS 227.180(1)(c) is cognizable before LUBA, Willamette Oaks's challenge in this case was unreviewable by LUBA. That is so because Willamette Oaks's challenge depends on a factual record that does not exist and, consistently with the constraints of the Eugene Code, cannot be developed at this point in the process. Accordingly, LUBA erred in reviewing the issue concerning the local appeal fee and in remanding the case to the city to take evidence on whether the city's appeal fee violates ORS 227.180(1)(c).

---

[4] Because of our resolution of the evidentiary aspect of LUBA's remand order, we do not consider whether the apparent absence of any basis for the planning commission to consider the merits of Willamette Oaks's appeal fee challenge affects LUBA's authority to address the fee challenge. We also do not consider whether Eugene's local appeal fee is subject to challenge in another forum.